Bouldin, J.
delivered the opinion of the coui't.
This case cannot be distinguished, in principle, from the case of Stover, assignee, v. Hamilton & others, 21 Gratt. 273. The contracts in both cases are, in substance, the same. In this case, as in that, the obligation was entered into within the period embraced by the statute for the adjustment of Confederate liabilities, and was given for a loan of Confederate States treasury ■notes. In neither case was the debt to bear interest *612 until payment should be demanded, and in both alike—but for the stipulation in the one case for a “reasonable time,” and in the other for “three months notice”—the debts would be payable on demand; for this court is unable to appreciate the distinction attempted to be drawn at the bar between an obligation payable “on demand” or “when demanded,” and one payable “on call” or “at any time called for.” In each case, under the laws of Virginia, the debt is payable immediately, and the obligors, without formal demand, are bound— unless otherwise provided on the face of the bond—to pay interest from the date of the obligation, and are entitled to make payment at any time after the execution, of the bond.
But it has been very earnestly contended that, by reason of the words “after three months’notice,” inserted in the contract in this case immediately after the words “at any time called for,” this obligation has been wholly withdrawn from the influence of the general rule, and is only payable at the pleasure of the obligee. There might be some force in the argument, had that provision, as was the case in Boulware v. Newton, 18 Gratt. 708, been inserted at the instance and for the benefit of the obligee. But such was not the case here. On the contrary, the stipulation for a short notice was, as was a similar provision in the case of Stover, assignee, v. Hamilton & others, inserted at the instance and for the benefit of the obligor, so as to make it operate not as a restriction upon him, but as a privilege secured to him and it is a familiar rule of law, that a party may always waive a condition or stipulation in a contract inserted solely for his benefit. Accordingly in Stover v. Hamilton & others, which in this respect is not distinguishable-from the case before us, it was the unanimous judgment of the court that, notwithstanding the stipulation for “a reasonable time,” the debt as to the obligor was payable instanter (that stipulation being inserted for *613 Ms benefit), and was properly scaled as of the date of the contract. That judgment is fully approved by this ■court.
The court is of opinion that the contract in this case was, according to the true understanding and agreement of the parties, to be fulfilled and performed in Confederate States treasury notes; that as to the obligor, it was payable at any time from its date, and therefore, that the jury was right in scaling the debt as of the date of the obligation.
The judgment must be affirmed, with costs and damages to the appellee.
Judgment appirmed.