Bouldin, J.,
delivered the opinion of the court.
The true character of the contract in this case is conceded on both sides. The bond given for the debt wasexeeuted between the 1st day of January 1862 and the-10th of April 1865; whs given for a loan of Confederate-States Treasury notes, corresponding in amount with the'nominal amount of the bond; and was to be discharged) by the payment of the same currency. It is clear, therefore, and is not denied, that it is what is commonly called, a Confederate contract; that it comes plainly within the operation of the act for the adjustment of such liabilities,, and must be scaled. The only question before us is, at. what period shall the scale be applied?
The appellant contends that the scale should be applied as of the date of the bond, the same being payable on demand: whilst the appellee contends that it was properly applied by the court below as of the-period when, by the terms of the deed of trust given to-secure the debt, the appellaut had a right to enforce the collection thereof, by sale of the property conveyed.
We think there can be no doubt about the law of the *221 •case. It has been plainly settled, by recent and repeated •decisions of this court, and is no longer open for discussion, that a bond payable “on demand” is payable presently without demand; that the right of the obligor so •to pay it, and the duty of the obligee to receive the payment, is not at all impaired by restrictions on the obligee’s right to immediate payment imposed for the benefit of the obligor, either on the face of, the bond or by •contract de hors thereto: that in all such cases it is at the option of the obligor either to avail himself of the restrictions or to pay the debt at any time after date, as if there were no restriction; and that such bond, if given dor a loan of, and solvable in Confederate States treasury notes, must be scaled as of its date. This is now the •settled law of this court. Stover, assignee, v. Hamilton & al. 21 Gratt. 273; Omohundro’s ex’or v. Omohundro, 21 Gratt. 626; Bowman v. Mc Chesney, 22 Gratt. 609.
We have seen and heard nothing in this case to withdraw it from the influence of these decisions. The bond, it is true, which was given for the money loaned, is not ■copied in the record; but it is plainly described in the pleadings on both sides, and also in the deed of trust; and there is no difficulty as to its terms. It is for three thousand dollars, payable “on demand,” and bears date the “11th of July 1862,” on which day it was executed. There is nothing on the face of the bond to impair, in the slightest degree, the right of the obligee to enforce immediate payment thereof; nor is there any thing on uts face to prevent the obligor from discharging the same at his pleasure. It is, as written, merely a single bill, payable “on demand;” and due as to both parties instantly. But it is contended, for the appellee, that the legal effect of the bond is changed by the cotemporaneous execution of a deed of trust by the parties to ■secure the same, in which there is a stipulation in the *222 following words: “ That if the said Temple D. Richard- ~ . _ son shall -well and truly pay, or cause to be paid, unto-the said Moon, the legal interest that may accrue upon the said debt of three thousand dollars, herein before-descriked, every six months, commencing six months from the date hereof, with promptness and regularitty,. then, and on that express condition, it is agreed that the said Temple D. Richardson shall have five years credit upon this said bond given for said debt, beginning at the date hereof; that it is to say, the said bond,.which is payable-on demand, shall not be collected for five years, if the interest is paid punctually every six months.”
It is very evident from the terms of the clause we-have quoted, that it was the purpose of the parties to keep distinctly in view the fact that the debt was payable “on demand,” but that the debtor might secure-indulgence by the punctual performance of an express-condition. It was at his option either to pay the debt at any time “ which is payable on demand ” as-stated in the deed itself, or by performance of the condition to secure indulgence. He did not, and was not requirió surrendr this right; and this brings the case directly within the principle of the cases of Stover, assignee v. Hamilton and Baughman v. Mc Cahesney. It is a privilege secured to Richardson and a restriction upon Moon ; and Richardson still had the unqualified right to waive that privilege and discharge the debt at any time. As-to him, notwithstanding the privelege to himself and the-restriction on Moon, the debt is regarded in law as payable presently. The date then, and the period of' payment, the maturity of the bond being in this case the same, there is no necessity for considering the question so elaborately discussed by the judges and at the-bar in the case of Dearing, administrator v. Rucker 18 Gratt. 426. We are all of opinion that the bond in this- *223 case was, so far as the rights of the appellee Richardson are concerned, payable at its date; and that the scale should have been applied as of that period.
The decree of the Circuit court is therefore erroneous, and must be reversed with costs to the appellant; and this court would now proceed to enter such decree as should have been entered by the Circuit court were the proofs in the cause sufficient for the purpose. There is, however, no proof in the cause of the value of Confederate States treasury notes, either on the 11th day of July 1862, the date of the bond, or on the 11th day of July 1864, when it was scaled by the Circuit court. It is true that we may take notice, as matter of history, that Confederate States treasury notes were depreciated on the 11th day of July 1862, and continued to depreciate ; that the depreciation between that date and the 11th day of July 1864 was very great, and that the scaling, as of the latter period, was very prejudicial to the appellant; but what was the true debt on the lltli day of July 1862, when the scale should have been applied, we cannot from anything in the record now say. That must he ascertained by the Circuit court, either by reference to a commissioner or by proofs taken before the court; and the cause must he remanded for that purpose. The decree of the Circuit court must be reversed and annulled, with costs to the appellant, and the cause remanded to that court to be further proceeded in according to the principles above declared.
The decree was as follows:
This day came again the parties, by counsel, and the court having maturely considered the transcript of the record and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the obligation of the appellee Richardson, in the pro *224 ceedings mentioned, was, as to him, payable presently, in-Confederate States treasury notes, and under the repeated decisions of this court, should have been scaled as of the-date thereof, viz: the 11th day of July 1862, and not on the 11th of July 1864. It is therefore decreed and ordered that the decree of the Circuit court of the 25th day of September 1870 be reversed and annulled, and that the appellee Richardson do pay to the appellant his-costs by him expended in the prosecution of his appeal to this court; and the cause is remanded to the Circuit court, to ascertain, by proof before the. court or otherwise, the true value of the Confederate States treasury notes, secured by the obligation of the appellee, on the 11th day of July 1862, the date thereof, and for final decree.
Decree reversed.